## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW JERSEY

United States Courthouse
402 East State Street
Trenton, New Jersey   08608

**Hon. Christine M. Gravelle**                                      609-858-9370
Chief Judge, United States Bankruptcy Court

March 25, 2026

Mr. James Olivette Ezell
1113-1115 Monroe St, Apt. 2
Asbury Park, NJ 07712
*Pro Se*

Eric S. Landau, Esq.
Law Office of Eric S. Landau PLLC
50 Fountain Plaza, Suite 1400
Buffalo, NY 14202
*Attorney for Sonia Ezell*

Mary Krieger, Esq.
P.O. Box 4853
Trenton, NJ 08650
*Attorney for Standing Chapter 13 Trustee*

Elizabeth K. Holdren, Esq.
Hill Wallack LLP
21 Roszel Road, P.O. Box 5226
Princeton, NJ 08543-5226
*Attorneys for Millenium Trust Company,
LLC as Custodian FBO Prime Meridian
NPL, LLC*

Cory Francis Woerner, Esq.
Robertson, Anschutz, Schneid, Crane
130 Clinton Rd, Lobby B, Ste 202
Fairfield, NJ 07004
             -    and        -
James DiMaggio, Esquire
Stradley Ronon Stevens & Young LLP
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
*Attorneys for Wells Fargo Bank as Trustee
for Structured Asset Securities Corporation
Loan Trust 2007-OSI*

**In re James Olivette Ezell**
**Chapter 13 – 25-23495 (CMG)**

Dear Litigants:

**Introduction**

The Court expands on its bench decision recorded on March 11, 2026, dismissing the Chapter 13 bankruptcy case filed by James Olivette Ezell ("Mr. Ezell" or the "Debtor"), finding that his Plan is not feasible under 11 U.S.C. § 1325.  In this Court's view, Mr. Ezell is using this

Page **1** of **9**

Chapter 13 filing to attempt to re-litigate two foreclosure cases currently pending in the Superior Court of New Jersey (the "State Court"): one filed by the assignor to Millenium Trust Company, LLC Custodian FBO Prime Meridian NPL, LLC's (the "First Foreclosure Case"); the second filed by the assignor to Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-OSI (the "Second Foreclosure Case").

The State Court entered final judgment in the First Foreclosure Case on April 14, 2021 (the "Final Judgment") against Mr. Ezell and his spouse ("Mrs. Ezell"), and in favor of the assignor to Millenium Trust Company, LLC Custodian FBO Prime Meridian NPL, LLC ("Millenium"). *See* ECF 40 ¶2. The Final Judgment was entered against real property located at 1113-1115 Monroe Avenue, Asbury Park, New Jersey ("Property No. 1") and assigned to Millenium. ECF 40, ¶ ¶1 and 2. Oral argument on motions to adjourn and vacate summary judgment and the Final Judgment filed by Mr. Ezell was scheduled for December 23, 2025. ECF 41-2 ¶ 21.

In the Second Foreclosure Case, the State Court entered default against the Debtor's wife and in favor of Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-OSI ("Wells Fargo") on October 23, 2025. ECF 43-1 ¶ 33. The Second Foreclosure Case addresses a lien on a property located at 1112 Monroe Avenue in Asbury Park ("Property No. 2). Mr. Ezell filed a motion to vacate the entry of default, with oral argument scheduled to be heard on December 23, 2025. *See* ECF 43-1, ¶ ¶ 34 and 36.[1]

On December 22, 2025, the eve of the oral arguments, Mr. Ezell filed this current Chapter 13 bankruptcy case. This Court is unwilling to permit Mr. Ezell's case to proceed. For the reasons

---

[1] This Letter Decision addresses debt secured by mortgages or foreclosure judgments on Property No. 1 and Property No. 2. Those mortgages have been assigned more than once by the original owners of the notes and mortgages and by subsequent assignees of the mortgages. Consequently, the names of the mortgagees have changed over the course of Mr. Ezell's bankruptcy filings. For ease of discussion, the Court references Millenium as the creditor secured by Property No. 1 and Wells Fargo as the creditor secured by Property No. 2 throughout this decision.

set forth herein, Mr. Ezell's case is dismissed and he is enjoined from filing in this District for two years.

**Relevant Facts**

To begin, the Court outlines the history of Mr. Ezell's four prior bankruptcy filings to support its decision herein.  On December 19, 2016, Mr. Ezell filed a Chapter 13 case in the U.S. Bankruptcy Court, Southern District of Alabama, Case No. 16-04389 (the **"First Case"**).  In the First Case, the court found cause existed to lift the automatic stay because, in part, the parties were " 'opposing litigants in a state court proceeding in the Superior Court of New Jersey for more than a decade and which was nearing its final conclusion when Mr. Ezell filed his petition for relief.' " *See* ECF 41, ¶ 8.  On May 18, 2021 the First Case was closed without a discharge.  Id. ¶ 10.

While the First Case was pending, Mr. Ezell filed a Chapter 11 case in this Court, Case No. 19-25148-CMG (the **"Second Case"**).  On October 3, 2019, two months after entry of the Order for Relief, the Second Case was dismissed.  The dismissal order included in-rem prospective relief as to Property No. 1 and provided that that "successors and assigns[of the mortgage holder]…may proceed without further Order of this Court for two years in the event of any bankruptcy filed subsequent to the commencement of the instant case." *See* Case No. 19-25148-CMG, ECF 44.

On January 26, 2022, three months after the expiration of the two-year period in which the automatic stay could not be applied to foreclosure proceedings against Property No. 1, Mr. Ezell filed a Chapter 13 petition in this Court, which was assigned Case No. 22-10627 (the **"Third Case"**). Wells Fargo filed an objection to confirmation of Mr. Ezell's Chapter 13 Plan and a Motion for Relief from Stay seeking authorization to proceed with the Second Foreclosure   Case.  The State Court had entered a default judgment against Mr. Ezell prior to his filing of the Third Case. Mr. Ezell filed numerous motions in the Third Case, including a motion for my recusal and a

"Motion for Clarity," all centered on his belief that Wells Fargo lacked standing to file a Proof of Claim or any motions in the Third Case because it had no evidence that it held ownership of the note and mortgage. *See* Case No. 22-10627, ECF 37, 41, 50, 51, 55, 57. He also filed an Adversary Proceeding against Wells Fargo that contained similar allegations. *See* id., ECF 54. This Court entered an Order Permissively Abstaining From All Matters Relating to Wells Fargo, noting that state law predominated the issues presented (the "Abstention Order"). *See* id., ECF 85, 86. Entry of the Abstention Order was contingent upon Wells Fargo's agreement to vacate the default judgment to allow Mr. Ezell to present his arguments in the Second Foreclosure Case. In the Abstention Order, this Court gave Mr. Ezell 30 days to file an amended plan to address certain mortgage payments allegedly due and owing to Wells Fargo. Mr. Ezell did not follow this Court's directive, which resulted in his case being dismissed on February 2, 2023. Id., ECF 99. The U.S. District Court for the District of New Jersey affirmed the Abstention Order. Id., ECF 119.

While the Third Case was pending, Mr. Ezell filed a Motion to Reopen the First Case on November 8, 2022, without informing the Alabama Bankruptcy Court that he had a Chapter 13 case open and proceeding in New Jersey. This Court was unaware of Mr. Ezell's request to reopen the First Case as well. The Alabama Court reopened, then eventually closed the First Case in April 2024, imposing a one-year filing bar for many of the same reasons set forth in this letter.

On June 24, 2025 Mr. Ezell filed a Chapter 7 case in the United States Bankruptcy Court, District of Delaware, Case No. 25-11210 (the **"Fourth Case"**). *See* ECF 41 ¶ 20. Mr. Ezell's Fourth Case was dismissed on July 23, 2025. Id. ¶ 23. He filed a Motion for Reconsideration, which was denied in September 2025. Id. ¶ 22. He then filed an appeal, which remains pending. Id. ¶ 23.

Finally, Mr. Ezell filed the current Chapter 13 case before this Court on December 22, 2025 (the "**Fifth Case**").  This Court scheduled hearings on a Motion for Relief from Stay filed by Millenium and for confirmation of Mr. Ezell's Chapter 13 Plan (the "Plan").  *See* ECF 41 and 26, respectively.  Millenium and Wells Fargo filed objections to confirmation of the Plan.  *See* ECF 40 and 35, respectively.  In its Motion for Relief from Stay, Millenium sought prospective in rem relief preventing application of the automatic stay against it in the event the Ezell's file a bankruptcy case within the next two years.[2] ECF 41.  Mr. Ezell did not file an objection to the motion.  At the hearing, the Standing Chapter 13 Trustee asked that the Court impose a two-year bar on future filings.

As of the Petition date, December 22, 2025 Millenium was owed $593,064.11.[3]  *See* ECF 40, ¶3.  Wells Fargo was owed $426,258.52.  *See* Proof of Claim 13-1.  Mr. Ezell fails to address either mortgage debt in his original or amended plan.  *See* ECF 4 and 26.

On the morning of the March 11th hearing, Mr. Ezell filed an emergent motion for ADA Accommodations seeking additional time to file written opposition to the Motion and an objection to Millenium's proof of claim.  ECF 45.

**Legal Analysis**

I.     **Denial of Mr. Ezell's Request for an Adjournment**

As stated on the record, this Court notes that "the ADA does not apply to the federal judiciary." In re Martin, 2026 Bankr. LEXIS 549, *9, *quoting* In re Crosby, 2025 WL 2179820, at

---

[2] Wells Fargo also filed a Motion for Relief from Stay, seeking to continue the Second Foreclosure Case. ECF 43. Hearing on that motion was scheduled for March 25th. Since Mr. Ezell's case is dismissed and he is barred from refiling for two years, Wells Fargo's motion was not heard.

[3] *See also* Millenium's Proof of Claim in which Millenium asserts the total amount necessary to cure any default as of the petition date is $592,064.11. *See* POC # 11-1. This amount is slightly different than the amount set forth in the Motion; however, this discrepancy does not change this Court's analysis and findings.

*7 (Banks. S.D. Ga. July 31, 2025) (citing <u>Anders v. South Carolina</u>, 2025 WL 1169191, at *4 (D.S.C. Mar. 31, 2025), <u>report and recommendation adopted</u>, 2025 WL 1167492 (D.S.C. Apr, 21, 2025); *see also* <u>In re Borsotti</u>, 2021 WL 1103624, at *5 (B.A.P. 9th Cir. Mar. 23, 2021). Nevertheless, the Federal Courts do their best to accommodate the parties that appear before them. To the extent Mr. Ezell continues to argue that his due process rights were violated, "[w]here a movant is given notice of a hearing and an opportunity to respond to any opposition at that hearing, procedural due process is satisfied." <u>In re Martin, 2026 Bankr. LEXIS 549, *7-8</u>.

Despite the fact that Mr. Ezell did not file an objection to Millenium's Motion for Relief from Stay, this Court listened to Mr. Ezell's lengthy objection to the motion at the March 11th hearing. Central to his arguments was his challenge of Millenium's standing, claiming it did not hold proper ownership of the note and mortgage. The points he made were the same points that he made in prior proceedings before this Court and in other Courts as described above. Consequently, this Court sees no reason to allow Mr. Ezell more time to file a written objection to claims that he has been well aware of for years and that have been the subject of all of his prior bankruptcy filings.

**II.     Dismissal of Mr. Ezell's Chapter 13 Plan due to lack of feasibility and good faith.**

Under the Bankruptcy Code, a debtor is required to proceed in good faith. *See* 11 U.S.C. 1325(a)(3); <u>In re Scotto-DiClemente, 459 B.R. 558, 568</u> (Bankr. D.N.J. 2011) (internal citations omitted). In determining whether a debtor has proceeded in bad faith "courts have considered whether (1) the "the debtor[] . . . [has] a need for bankruptcy other than lien avoidance; (2) whether [the] debtor[] acted equitably in proposing the plan; (3) whether [the] debtor[] . . . [is] devoting . . . [his] income to the plan; and (4) whether the debtor[] used serial filings to avoid paying their creditors." *See* <u>In re Scotto-DiClemente</u>, 459 B.R. at 568.

Clearly, Mr. Ezell qualifies as a serial bankruptcy filer.  His actions have caused many delays of foreclosure proceedings.  He has been told by this Court that he must address allowed secured claims in his Plan, yet he refuses to do so.  His schedules show monthly disposable income of $4,502.00, which is the amount available to pay into his Plan, yet he continues to ignore his secured debt. ECF 1, pp. 36 – 40.  Unsecured proofs of claim filed in Mr. Ezell's case total less than $6,000.00, half of which is owed to utility companies.  His Amended Plan proposes total payments more than double the amount due to satisfy those claims.  It is questionable as to why Mr. Ezell has acquired any unsecured debt in light of his income.  These facts support this Court's conclusion that Mr. Ezell has filed this bankruptcy in bad faith.

The Code itself requires that proposed Chapter 13 plans must provide for treatment of secured creditors.  11 U.S.C. § 1325(a)(5).  Whether a Chapter 13 plan is feasible is an analysis undertaken under 11 U.S.C. § 1325(a)(6).  When a plan is not feasible, cause exists to dismiss a Chapter 13 debtor's case under 11 U.S.C. § 1307(c)(5).  Feasibility requires that the debtor "be able to make all payments under the plan and comply with the plan."  11 U.S.C. § 1325(a)(6).

Here, the Court reviews the totality of Mr. Ezell's prior unsuccessful bankruptcy filings and the fact that his proposed Amended Plan does not consider paying Millenium's claim of $593,064.11, nor does it propose to make any payments to Wells Fargo.  *See* ECF 26.  The projected Plan payments are $100.00 per month for thirty-six months, followed by another thirty-six months of payments of $289.75 each, totaling $14,031.00.[4]  *See* id. This sum is a fraction of Millenium's and Wells Fargo's mortgage claims.

A review of Mr. Ezell's filings show he has filed bankruptcy five times since 2016, all of which filings appear to be attempts to void liens and stall foreclosure proceedings.  The pending Motion

---

[4] This is based on $100 per month multiplied by thirty-six months which equals $3,600 and $289.75 per month multiplied by thirty-six months which equals $10,431.00. The sum of those numbers totals only $14,031.00.

for Relief from Stay filed by Wells Fargo notes that its foreclosure proceeding against Mr. Ezell and his wife began in 2016.  ECF 43-1, ¶ 9.  After many delays imposed by Mr. Ezell's numerous bankruptcy filings, Wells Fargo finally held default judgments against Mr. and Mrs. Ezell as of October 2025.  Id. ¶ 33.  Mr. Ezell filed a motion to vacate the October default against his wife, Wells Fargo filed an objection, then Mr. Ezell filed this bankruptcy the night before the scheduled State Court oral argument in the Second Foreclosure Case, resulting in yet another delay.  *See* id. ¶ ¶ 34-36.[5]  Wells Fargo further notes that two of Mr. Ezell's prior bankruptcies were similarly filed on the eve of oral arguments set in the Second Foreclosure Case.  Id. ¶ 37.  This Court can only view such repeat filings as forum shopping, an attempt to prevent Wells Fargo from proceeding with its foreclosure litigation and to relitigate the Foreclosure Judgment obtained by Millenium.

Finally, as noted above, in Mr. Ezell's two prior filings before this Court, he filed Plans similar to the one filed in this case, all of which failed to address the claims of secured creditors.  Mr. Ezell continues to argue that he owes nothing to the existing mortgage holders, claiming that both lack standing and do not own the notes or mortgages.  More than once, this Court has explained to Mr. Ezell that he cannot come to this Court to challenge a foreclosure judgment entered by the State Court, and he will not be permitted to change venue from the State Court to this Court in any pending foreclosure action.  *See* Abstention Order, Case No. 22-10627, ECF 85, 86.

### III.     Mr. Ezell is enjoined from filing for two years.

"Bankruptcy courts have general, statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].'"  In re Napier-Lopez, 2023 Bankr. LEXIS 1203, *52 (Bankr. D.N.J. 2023), *quoting* 11 U.S.C. § 105(a).

---

[5] As noted earlier, an oral argument was scheduled to be heard in the First Foreclosure Case on the same day.

This gives Bankruptcy courts the ability "to police their dockets and afford appropriate relief" which includes "the inherent power to sanction abusive litigation practices." In re Napier-Lopez at *52 (internal citations omitted). Moreover, the Code gives Bankruptcy Courts the authority to prevent a petitioner from re-filing if cause exists. *See* 11 U.S.C. § 349(a) ("Unless the court, for cause, orders otherwise," a debtor may file again after dismissal). Upon establishing cause, "bankruptcy courts have discretion to dismiss with prejudice and bar the filing of subsequent bankruptcies." In re Napier-Lopez, 2023 Bankr. LEXIS, supra, *53; *see also* In re Jordan, 598 B.R. 396, 408 (Bankr. E.D. La. 2019) (five-year bar for future filings due to Chapter 13 debtor's lack of good faith).

### Conclusion

For the reasons stated above, Mr. Ezell's bankruptcy case is dismissed and he is enjoined from filing in this District for two years. The Court will enter an order consistent with this decision.

Very truly yours,

Christine M. Gravelle, Chief Judge
U.S. Bankruptcy Court
District of New Jersey